UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 05-10980-RWZ

NABIL SHALAN

v.

MICHAEL CHERTOFF, as Secretary of the Department of Homeland Security;
EDUARDO AGUIRRE, as Director of the U.S. Citizenship & Immigration Services;
DENIS C. RIORDAN, District Director of the U.S. Citizenship & Immigration Services for
Boston, Massachusetts

MEMORANDUM OF DECISION

January 6, 2006

ZOBEL, D.J.

On May 4, 2001, plaintiff Nabil Shalan, a citizen of Jordan and a legal and permanent resident of the United States, filed an application for naturalization with U.S. Citizenship & Immigration Services ("USCIS"). USCIS examined plaintiff in connection with this application on November 3, 2004, but has not yet issued a decision. In an effort to expedite the consideration of his application, plaintiff filed suit against Michael Chertoff, Secretary of the Department of Homeland Security, Eduardo Aguirre, Director of USCIS, and Denis Riordan, District Director of USCIS for Boston, Massachusetts. Plaintiff requested the court to exercise statutory jurisdiction over the application and hold a hearing. Defendants now move for dismissal of the suit or, in the alternative, remand to USCIS for completion of its adjudication of the application.

Federal statute requires an applicant for naturalization to undergo both an investigation and an examination. See 8 U.S.C. § 1446. When INS fails to make a

determination within 120 days of the examination, the local district court gains jurisdiction over the application and, upon request by the applicant, may either hold a hearing on the matter or remand it for further review by USCIS. See 8 U.S.C. § 1447(b). Defendants argue that the examination required under § 1446 is not a discrete event but, instead, an umbrella term for USCIS's entire information-gathering process, including any national security check investigations. (See Mem. in Supp. of Defs.' Mot. to Dismiss 7-8). Thus, the terms, examination and investigation, refer to overlapping events, and the 120-day time period provided in § 1447(b) may not be triggered until USCIS completes all investigations. (See id.).

Plaintiff challenges this position by observing that Congress consistently used two separate terms, examination and investigation, to indicate separate activities. (See Pl.'s Resp. to Defs.' Mot. to Dismiss 4-5). For example, § 1446(a) describes USCIS's "personal investigation" of the applicant, while § 1446(b) outlines the examination step. (See id., note 1). Additionally, USCIS's own regulations define investigation and examination as distinct occurrences. See 8 C.F.R. 335.1 and 335.2 (addressing "Investigation of applicant" and "Examination of applicant," respectively). Plaintiff asserts that § 1447(b)'s time limit was triggered upon USCIS's completion of its examination of him, even though the investigation continues.

Decisions by the handful of district courts that have considered this issue come out on opposite ends of the spectrum. One supports defendants' characterization, while another advocates plaintiff's arguments. See Danilov v. Aguirre, 370 F. Supp. 2d 441 (E.D. Va. 2005); El-Daour v. Chertoff, 2005 WL 2106572 (W.D. Pa. 2005). The

court is not persuaded by defendants' reasoning because it fails to account in any way for the clear distinctions between the terms at issue in both the relevant statutes and regulations. Defendants simply rely wholesale on extensively cited passages from the Danilov opinion. With all due respect to the Danilov court, I disagree with its legal interpretation. For example, the opinion supports tolling of the 120-day time frame for an examination until completion of the investigation process on the basis that "[USCIS] adopted a regulation requiring that the FBI complete a criminal background investigation of an applicant *before* the examination may be completed." Danilov, 370 F. Supp. 2d at 444 (emphasis in original). In fact, the regulation requires completion of the investigation before the examination may even be *started*. Specifically,

> Completion of criminal background checks *before* examination. [USCIS] will notify applicants for naturalization to appear before a service officer for initial examination on the naturalization application *only after* [USCIS] has received a definitive response from the Federal Bureau of Investigation that a full criminal background check of an applicant *has been completed*.

8 C.F.R. 335.2(b) (emphasis added). With respect to defendants' motion for remand, defendants offer no reasons specific to plaintiff for the extensive time expended in completing review of his application.

Accordingly, the motion for dismissal or remand is denied. A hearing on the matter is scheduled for January 26, 2006 at 2:45 p.m.

_____         /s/ Rya W. Zobel
      DATE                             RYA W. ZOBEL
                                       UNITED STATES DISTRICT JUDGE

Case 1:05-cv-10980-RWZ    Document 12    Filed 01/06/2006    Page 4 of 4