UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| NABIL SHALAN, | ) |
| Petitioner, | ) |
| v. | ) Civil Action No. 05-10980 RWZ |
| MICHAEL CHERTOFF, Secretary of Department of Homeland Security, et al., | ) |
| Respondents. | ) |

**MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR LEAVE
TO FILE MATERIALS UNDER SEAL FOR EX PARTE AND IN CAMERA REVIEW**

Respondents, Michael Chertoff, Secretary of the Department of Homeland Security, et al., hereby submit this memorandum of law in support of their motion for leave to file materials under seal for ex parte and in camera review. As we demonstrate below, the Government's motion is supported by well-established authority, and is warranted in the circumstances of this case.

1. It is well-established that "the court has inherent authority to review classified material ex parte, in camera as part of its judicial review function." Jifry v. FAA, 370 F.3d 1174, 1182 (D.C. Cir. 2004), cert. denied, 125 S. Ct. 1299 (2005) (citing Molerio v. FBI, 749 F.2d 815, 822 & n.2 (D.C. Cir. 1984); Holy Land Foundation for Relief & Dev. v. Ashcroft, 333 F.3d 156, 164 (D.C. Cir. 2003), cert. denied, 124 S. Ct. 1506 (2004); National Council of Resistance of Iran v. Dep't of State, 251 F.3d 192, 208-09 (D.C. Cir. 2001)). As Judge Lipez has explained, "precedents from other circuits suggest that ex parte determinations may be allowable when the submissions involve compelling national security concerns or the statute granting the cause of action specifically provides for in camera resolution of the dispute circumstances justify the ex parte consideration of privileged

information." Bl(a)ck Tea Society v. City of Boston, 378 F.3d 8, 18 (1st Cir. 2004) (Lipez, J., concurring) (internal quotation omitted); see, e.g., Gilmore v. Gonzales, — F.3d —, 2006 WL 177213, * 1 (9th Cir. Jan. 26, 2006) (noting that the court had "review[ed] the sensitive security information materials that the Government filed with this Court ex parte and in camera"); Jifry, 370 F.3d at 1181-83 (denying petition for review by two pilots challenging the revocation of their airmen's certificates upon a determination by the TSA that they posed security risks because "[v]iewing as a whole the record evidence before the TSA, including ex parte in camera review of the classified intelligence reports, we hold that there was substantial evidence to support the TSA's determination that the pilots were security risks."); Holy Land Foundation, 333 F.3d at 165 (noting that court of appeals had already rejected "claim that the use of classified information disclosed only to the court ex parte and in camera in the designation of a foreign terrorist organization * * * was violative of due process"); People's Mojahedin Org. of Iran v. Dep't of State, 327 F.3d 1238, 1242 (D.C. Cir. 2003) (same); Global Relief Foundation v. O'Neill, 315 F.3d 748, 754 (7th Cir. 2002) (rejecting constitutional challenge to statute authorizing district court's ex parte consideration of classified evidence in connection with judicial challenges to Executive decision to freeze assets of entity that assists or sponsors terrorism); Torbet v. United Airlines, 298 F.3d 1087, 1089 (9th Cir. 2002) (affirming district court's dismissal of complaint challenging airline search based, in part, on in camera review of sensitive security information); Vining v. Runyon, 99 F.3d 1056, 1057 (11th Cir. 1996) ("[C]onsideration of in camera submissions to determine the merits of litigation is allowable only when the submissions involve compelling national security concerns or the statute granting the cause of action specifically provides for in camera resolution of the dispute."); Patterson v. FBI, 893 F.2d 595, 600 n.9, 604-05 (3d Cir. 1990) (dismissing First and Fourth Amendment claims as moot

based on in camera declaration and noting that "the D.C. Circuit, as well as other circuits, have allowed the use of in camera affidavits in national security cases"); Molerio, 749 F.2d at 825 (dismissing First Amendment claim based on court's review of in camera declaration).[1]

The reasons for this rule are manifest. "It is 'obvious and unarguable' that no governmental interest is more compelling than the security of the Nation." Haig v. Agee, 453 U.S. 280, 307 (1981) (quoting Aptheker v. Secretary of State, 378 U.S. 500, 509 (1964)). It likewise is beyond peradventure that, "under the separation of powers created by the United States Constitution, the Executive Branch has control and responsibility over access to classified information and has [a] 'compelling interest' in withholding national security information from unauthorized persons." People's Mojahedin Org. of Iran, 327 F.3d at 1242 (quoting Dep't of State v. Egan, 484 U.S. 518, 527 (1988)); accord Holy Land Foundation, 333 F.3d at 164 (noting "the primacy of the Executive in controlling and exercising responsibility over access to classified information"). As the Supreme Court has recognized, "[t]he Government has a compelling interest in protecting both the secrecy

---

[1] Both the First Circuit and other courts also have uniformly concluded that ex parte and in camera judicial review of applications for approval of surveillance and/or searches authorized by the Foreign Intelligence Surveillance Act ("FISA") to resolve the merits of constitutional challenges by defendants in criminal proceedings complies fully with Due Process requirements. See, e.g., United States v. Johnson, 952 F.2d 565, 571-72 (1st Cir. 1992) ("At the request of all parties, this Court has conducted its own ex parte, in camera review of the surveillance applications and orders. Having done so, we agree with the magistrate judge and the district court that the FISA surveillance of appellants was lawfully authorized and conducted."); United States v. Ott, 827 F.2d 473, 476-477 (9th Cir. 1987) (district court's ex parte consideration of sealed FBI affidavit to determine whether electronic surveillance was legally obtained did not violate due process); In re Grand Jury Proceedings,, 856 F.2d 685, 686 n.3 (4th Cir. 1988) ("So far, every FISA wiretap review has been in camera and ex parte."); United States v. Belfield, 692 F.2d 141, 148 (D.C. Cir. 1982) ("A claim that disclosure and an adversary hearing are constitutionally required goes directly contrary to all pre-FISA precedent on point. In this Circuit and in others, it has constantly been held that the legality of electronic, foreign intelligence surveillance may, even should, be determined on an in camera, ex parte basis.").

of information important to our national security and the appearance of confidentiality so essential to the effective operation of our foreign intelligence service." Snepp v. United States, 444 U.S. 507, 509 n.3 (1980) (per curiam).

"[T]hat strong interest of the government clearly affects the nature * * * of the due process which must be afforded petitioners." National Council of Resistance of Iran, 251 F.3d at 207. As the D.C. Circuit explained in that case, disclosure of classified information "is within the privilege and prerogative of the executive, and we do not intend to compel a breach in the security which that branch is charged to protect." Id. at 208-209. Consequently, in cases in which the Government, informed by classified information, has taken action that adversely affects an individual's or entity's property or liberty interests, "due process require[s] the disclosure of only the unclassified portions of the administrative record," People's Mojahedin Org. of Iran, 327 F.3d at 1242 (emphasis in original), and the complaint that "due process prevents [governmental action] based upon classified information to which [a party] has not had access is of no avail." Holy Land Foundation, 333 F.3d at 164.

Thus, contrary to the suggestion made by petitioner during the hearing that the consideration of ex parte material is antithetical to our democratic, adversarial system of justice, these authorities make clear that the ex parte and in camera consideration of submissions by the Government in cases involving classified intelligence or national security information is a longstanding and well-established practice.

2. In this case, as set forth during the hearing, the Government has come across information that appears to be of a classified nature and which, in its view, would warrant further investigation of the petitioner, and would support a motion to reconsider the denial of the Government's motion

to remand or, in the alternative, a motion for a limited remand to allow the United States Citizenship and Immigration Services ("USCIS") to take an additional interview of the petitioner prior to this Court's adjudication of his application for naturalization.[2]  Because this Court must be made aware of the nature of this information in order to consider defendants' motion to reconsider or, in the alternative, for a limited remand, the Government respectfully moves this Court to grant respondents' motion for leave to file materials under seal for ex parte and in camera review.

## CONCLUSION

For the foregoing reasons, the Government respectfully moves for leave to file materials under seal for ex parte and in camera review.

Respectfully submitted,

MICHAEL J. SULLIVAN
United States Attorney

By:    /s/ Mark T. Quinlivan
MARK T. QUINLIVAN
MICHAEL SADY
MARK J. GRAUY
Assistant U.S. Attorneys
John Joseph Moakley U.S. Courthouse
1 Courthouse Way, Suite 9200
Boston, MA 02210
617-748-3606

Dated: February 2, 2006

---

[2]  Respondents are currently conducting a full file review of information recently received from the Federal Bureau of Investigation to ensure that the material in question is classified.