UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
                                    )
NABIL SHALAN,                       )
                                    )
          Petitioner,               )
                                    )
     v.                             )     Civil Action No. 05-10980 RWZ
                                    )
MICHAEL CHERTOFF, Secretary of      )
Department of Homeland Security, et al., )
                                    )
          Respondents.              )
_____)

**MEMORANDUM OF LAW IN SUPPORT OF
MOTION FOR LEAVE TO ALLOW USCIS TO CONDUCT INTERVIEW OR,
IN THE ALTERNATIVE, TO SUPPLEMENT THE RECORD**

On January 26, 2006, this Court held a hearing, pursuant to 8 U.S.C. § 1447(b), on petition Nabil Shalan's petition for naturalization. At the close of the hearing, the government informed the Court that there may be information of a classified nature that bore on petitioner's naturalization application, and subsequently moved to file such information under seal for in camera and ex parte review. Contemporaneous with and following the hearing, the United States Citizenship and Immigration Services ("USCIS") has conducted a more thorough review of the petitioner's file and of information received by the Federal Bureau of Investigation ("FBI"). After completing a full file review of information received from the FBI, respondents have determined that there is no classified information that bears on petitioner's application for naturalization, and therefore have withdrawn the motion to file materials under seal for in camera and ex parte review. USCIS' further review of petitioner's file and of information received from the FBI has revealed matters, however, which, in the view of the USCIS, raise questions regarding petitioner's eligibility for naturalization.

In view of these concerns, respondents respectfully move for leave to allow USCIS to conduct a further interview of the petitioner to afford the Court -- which would retain jurisdiction to decide the pending naturalization case -- a more complete record upon which to determine his eligibility for naturalization. In the alternative, respondents move this Court for leave to supplement the record to include the accompanying Declaration of Adjudications Officer Barbara Johnson ("Johnson Decl.").

**A.     Standards**

An applicant for naturalization must be able to show good moral character for five years preceding the filing of the application. See 8 U.S.C. §1427(a)(3). The applicant bears the burden of showing he or she is and remains a person of good moral character. See 8 C.F.R. §316.10(a)(1). The statute provides certain classes of people who are barred from showing good moral character. See 8 U.S.C. §1101(f). However, a person not described in that section can still be found to lack good moral character. Id.; 8 U.S.C. §1427(e).

One of the statutory bars to showing good moral character is "giving false testimony for the purpose of obtaining any benefits under [the Immigration and Nationality Act]." 8 U.S.C. §1001(f)(6). The testimony does not need to be material for this bar to apply, but it must be given under oath for the purpose of obtaining an immigration benefit. See Kungys v. United States, 485 U.S. 759, 779 (1988); Linaawag v. INS, 872 F.2d 685, 689 (5th Cir. 1989); 8 C.F.R. §316.10(b)(2)(vi).

**B.    Matters Which Raise Questions Regarding Petitioner's Eligibility for Naturalization**

USCIS' further review of petitioner's file, together with the review of information that has been provided by the FBI, has revealed questions regarding the truthfulness of the testimony that petitioner provided on April 25, 2001, in connection with his first application for naturalization. Specifically, during the interview on April 25, 2001, petitioner claimed that he was divorced and that he had only been married once to Michelle Schmitz. (Johnson Decl. ¶ 8). According to a marriage certificate petitioner submitted with his second application for naturalization, however, petitioner married his current wife, Nahed Shaban, on December 23, 2000, in Jordan. (Johnson Decl. ¶ 8).

In addition, during this interview, petitioner stated that he was not employed from October 2001 to February 2003. (Johnson Decl. ¶ 16). During an interview with the FBI on March 13, 2003, however, petitioner stated that he had been working as a cab driver at Ambassador Cab in Cambridge, Massachusetts, from the time he was terminated by Peripheral Component Devices ("PCD"), in September 2001, until approximately January 2003. (Johnson Decl. ¶ 16).

Although this potentially false testimony was given in regards to a separate application for naturalization, it was testimony under oath for the purpose of obtaining an immigration benefit within five years of the filing of the application before the Court. As discussed above, testimony does not need to be material for the bar to a showing of good moral character to apply.[1]

USCIS' review of the information provided by the FBI also reveals that, during an interview with the FBI on February 3, 2003, regarding allegations that petitioner had committed embezzlement

---

[1] These incidents are separate from the false testimony issues raised in the January 26, 2006 hearing concerning petitioner's failure to admit ever being on probation or being cited for traffic violation, and his use of other names.

at PCD,[2] petitioner admitted that he has submitted to PCD invoices from his company Al Ward Consulting Services bearing corporate logos belonging to companies such as Sun Microsystems and Dell Computer Company, in an apparent attempt to convince the recipients that Al Ward Consulting Services was an officially sanctioned re-seller and/or technical support representative for those companies. (Johnson Decl. ¶ 10).

This investigation has not led to any criminal charges, with the FBI concluding "no substantive federal violations were identified as a result of investigative efforts, and no counterterrorism nexus has been established," and the Peabody Police Department stating that its investigation remains open, but not active, "in case" Sun Microsystems and Dell Computer Company decide to pursue Massachusetts's fraud statutes regarding petitioner's use of their letterheads. (Johnson Decl. ¶ 11). A conviction, however, is not necessary for a finding that a person lacks good moral character. Rather, the conduct itself -- the apparent fraudulent use of other companies' logos -- can be considered in the determination of good moral character.

In light of these concerns, respondents respectfully request that USCIS be given leave to conduct a further interview of the petitioner to afford the Court -- which would retain jurisdiction to decide the pending naturalization case -- a more complete record upon which to determine his eligibility for naturalization. Additionally, such interview would give petitioner the opportunity to explain the concerns raised by USCIS on petitioner's eligibility for naturalization. In the alternative,

---

[2] There have been other allegations against petitioner of engaging in fraudulent activities. Petitioner had been accused of larceny by his then employers in 1995 and 1996, allegations that did not result in convictions and are outside the period in which he must show good moral character. (Johnson Decl. ¶ 14). Additionally, petitioner has been criminally charged with grand theft in 1992 and with larceny in 1995. (Johnson Decl. ¶ 15).

respondents move this Court for leave to supplement the record to include the accompanying Declaration of Adjudications Officer Barbara Johnson.

## CONCLUSION

For the foregoing reasons, respondents respectfully request that the Court grant them leave to conduct a further interview of the petitioner or, in the alternative, to supplement the record to include the Declaration of Adjudications Officer Barbara Johnson.

                                                Respectfully submitted,

                                                MICHAEL J. SULLIVAN
                                                United States Attorney

By: /s/ Mark T. Quinlivan
     MARK T. QUINLIVAN
     MICHAEL P. SADY
     MARK J. GRADY
     Assistant U.S. Attorneys
     John Joseph Moakley U.S. Courthouse
     1 Courthouse Way, Suite 9200
     Boston, MA  02210
     617-748-3600

Dated: April 18, 2006