THE UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| NABIL SHALAN,<br>      Plaintiff<br><br>V.<br><br>MICHAEL CHERTOFF, as Secretary of the<br>Department Homeland Security; EDUARDO<br>AGUIRRE, as Director of the U.S. Citizenship &<br>Immigration Services; DENIS C. RIORDAN,<br>District Director of the U.S. Citizenship &<br>Immigration Services for Boston, Massachusetts<br>      Defendants | CIVIL ACTION NO.05-10980-RWZ<br><br>PLAINTIFF'S OBJECTION TO<br>DEFENDANTS' MOTION<br>TO CONDUCT AN INTERVIEW<br>OR ACCEPT ADDITIONAL<br>EVIDENCE |

On May 4, 2001, Plaintiff applied to Defendants for naturalization. During the ensuing five years, Defendants interviewed him, sent the FBI to interview him and investigate him, and cross-examined him in this Court on January 26, 2006. Notwithstanding five years to consider and adjudicate Plaintiff's application, Defendants want to interview him again. Doc. 20. Plaintiff objects. Enough is enough.

To support their Motion for the interview, the Government offers the Declaration of Barbara Johnson, an Adjudications Officer in the National Security Branch of the Office of Fraud Detection and National Security. Doc. 20  Plaintiff objects to the Declaration of Barbara Johnson as it is hearsay, contains assertions that lack adequate foundation and are hearsay and is not the best evidence[1]. Ms. Johnson, writing on April 4, 2006, states that she has reviewed Defendants' files regarding the Plaintiff and has sought information from various law enforcement and

---

[1] In stating his opposition to Defendants' Motion, Plaintiff perforce must discuss some of the material in the Declaration of Barbara Johnson. In effecting this discussion, Plaintiff does not waive his objection to the Declaration as hearsay and as containing assertions that lack adequate foundation, are hearsay and are not the best evidence.

intelligence agencies about the Plaintiff.  Doc. 20. p. 3.  She states that the information obtained so far, <u>while not complete,</u> is sufficient to raise concerns.  Doc. 20, p. 3 (emphasis supplied by Plaintiff)   She then lists material she has gleaned from the Defendants' files and from her interviews with the FBI and the Peabody Police Department.  Doc. 20, pp.3-7

What is remarkable about Ms. Johnson's review is this: every shred of information about Plaintiff in her Declaration existed in plain view to the Government on January 26, 2006 and either became the subject of the Government's cross-examination of the Plaintiff or else was available to the Government for purposes of cross-examination.

Here are some examples:   Ms. Johnson claims at paragraphs 7, 8, 9, and 16 that Plaintiff apparently provided false testimony at interviews with USCIS officers because information on his several applications do not appear to conform to facts which the Defendants had in their possession long before January 26, 2006.  Doc. 20, pp. 3-6.  The Government had adequate opportunity at the Court's hearing on January 26, 2006 to 'interview' Plaintiff through its cross-examination of Plaintiff and, as a matter of fact, conducted a vigorous cross-examination of Plaintiff on statements he made on his applications for naturalization.

Ms. Johnson scours Mr. Shalan's criminal record history and says that it too is 'another area of concern.[2]'  Doc. 20, p. 5   The Government cross-examined Mr. Shalan on January 26,

---

[2]Plaintiff has his own 'concerns' about Ms. Johnson's trolling of Plaintiff's criminal record history.  At paragraph 14, she states that Mr. Shalan told an immigration officer in 1999 that he had been fired by two employers who accused him of larceny in July 1995 and November 1996.  She writes that 'while these incidents may not have resulted in convictions and may be outside the statutory period they suggest a pattern and lack of reformation of character.' Doc. 20, pp. 6-7.  An accusation (assuming one actually occurred) that is followed by neither an admission of misconduct nor a conviction for the same may be an incident but if has nothing whatsoever to do with character, other than demonstrate personal strength in the face of baseless accusations.  Moreover, the listing at paragraph 15 of two charges, one of which was never prosecuted, and the other of which resulted in a jury acquittal, in a Declaration questioning good moral character,  is

2006 with respect to each and every criminal matter that Ms. Johnson raises. In fact, it went beyond Ms. Johnson's Declaration by cross-examining Mr. Shalan with respect to traffic offenses she omits in her Declaration. See Trial Ex. 3

It is clear that Defendants had ample opportunity to investigate the Plaintiff and to provide the Court at the hearing of January 26, 2006 information they believed relevant to the application. Another interview simply extends a process that has gone on far too long.

Moreover, Plaintiff should not be required to sit for an interview in which the interviewer already has decided the issue. Defendants have made their feelings known. They instructed Government counsel at the hearing on January 26, 2006 to stipulate to nothing; they argued at the conclusion of the evidence on January 26, 2006 that Plaintiff was not a person of good moral character. There is no question in Plaintiff's mind that the interview will be anything other than an attempt by Defendants to make inconsistencies on applications or lapses in memory justification for their existing assertion that Plaintiff is not a person of good moral character.[3]

Finally, it is important to note that Defendants are not through with the Plaintiff. Barbara Johnson states in her Declaration that the information she has obtained is not complete. Doc. 20, p. 3. Ms. Johnson does not tell the Court or anyone else what information remains to be developed. In any event, Plaintiff understands that Ms. Johnson's open-ended Declaration gives

---

shameful. Doc. 20, p. 7. It is no wonder there are demonstrations in Massachusetts for reform of CORI information as it is so subject to misapplication. "Controversy on Criminal Records Intensifies", Boston Globe, April 21, 2006

[3] Declarant Barbara Johnson states under penalty of perjury that Defendants interviewed Plaintiff on November 8, 2004. Doc. 20, p. 4. The interview occurred November 3, 2004. Trial Ex. 1, p. 10. Plaintiff does not suggest that this false statement diminishes in any way the moral character of Declarant Johnson. Unfortunately, because the Defendants have evidenced their hostility to Plaintiff's application, Plaintiff does not believe Defendants would treat so charitably similar errors on his part.

the Government many more opportunities to seek additional interviews, even if Plaintiff is re-interviewed pursuant to the Government's pending Motion

Defendants ask the Court, as an alternative to a new interview, to supplement the record by including the Declaration of Ms. Johnson.  Doc. 20, p.1-2.  Plaintiff objects to the Declaration.  It is hearsay and its receipt would deprive Plaintiff the opportunity to cross-examine Ms. Johnson.  Moreover, the Declaration itself contains numerous assertions (viz;  paragraphs 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17)  that lack foundation, are not the best evidence, and constitute hearsay.

Plaintiff respectfully requests the Court to deny Defendants' Motion for another interview and to deny admission to the record of the Declaration of Barbara Johnson.

Plaintiff renews the prayer of his complaint that he be naturalized by this Court as an United States citizen.

Dated this 26th day of April 2006.

        Nabil Shalan, Plaintiff,

        /s/ Vard R. Johnson
        Vard R. Johnson, BBO # 660137
        Suite 210, 18 Tremont Sreet
        Boston, Massachusetts 02108
            1-617-557-1711
            1-617-557-4711
        vardinboston@verizon.net
            Plaintiff's Attorney

**CERTIFICATE OF SERVICE**

I, Vard R. Johnson, certify that I served the foregoing Objection and Response to the Defendants' Motion for Leave to Allow USCIS to Conduct Interview or In the Alternative to Supplement the Record upon Mr. Mark T. Quinlivan, Assistant United State Attorney, John Joseph Moakley U.S. Courthouse, `1 Courthouse Way, Suite 9200, Boston, Massachusetts 02210

by electronic filing, effected April 26, 2006.

                                                                /s/ Vard R. Johnson
                                                                Vard R. Johnson