THE UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| NABIL SHALAN,  )<br>            Plaintiff  )<br>  )<br>V.  )<br>  )   CIVIL ACTION NO.05-10980-RWZ<br>  )<br>MICHAEL CHERTOFF, as Secretary of the  )<br>Department Homeland Security; EDUARDO  )<br>AGUIRRE, as Director of the U.S. Citizenship &  )   APPLICATION FOR ALLOWANCE<br>Immigration Services; DENIS C. RIORDAN,  )   OF ATTORNEY'S FEES AND COSTS<br>  District Director of the U.S. Citizenship &  )<br>Immigration Services for Boston, Massachusetts  )<br>            Defendants  ) | |

Plaintiff Nabil Shalan moves the Court for an allowance of attorneys' fees and costs pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412.  In support of this application, Plaintiff shows the Court as follows:

1. Plaintiff was the prevailing party in his application for naturalization.

2. The position of the United States was not substantially justified.

3. At the time Plaintiff commenced this action on May 12, 2005, Plaintiff did not have a net worth in excess of $2,000,000.00.  At no time during the course of this action has Plaintiff had a net worth in excess of $2,000,000.00.  Plaintiff has attached to this Application his Affidavit regarding net worth.

4. Plaintiff's attorney, Vard R. Johnson, expended 57.75 hours in representing Plaintiff from the initiation of the litigation through the naturalization ceremony on August 23, 2006.  Plaintiff has attached to this Application the Affidavit of Vard R. Johnson regarding his time.

5. Plaintiff's attorney, Vard R. Johnson, has expended 15.25 hours in preparation of this fee application, memorandum and affidavits in support of the same, and, depending on the response of the Defendants, will expend additional time.

6. While the prevailing market rates for the kind and quality of the services furnished by Plaintiff's attorney are $300.00 per hour or more, Plaintiff's attorney's hourly rate for his legal services in immigration matters, including services in this case, is $250.00.

7. An attorney fee award in excess of $125.00 per hour is justified by the increase in the cost of living from March 1996, when Congress set the EAJA attorney fee figure at $125.00 to July 2006, when judgment was entered in this case.

8. An attorney fee award in excess of $125.00 per hour is justified by a special factor, to wit: Plaintiff's case required the services of an attorney skilled in immigration law, Plaintiff's attorney is a lawyer skilled in immigration law, and as a practical matter attorneys skilled in immigration law were not available to the Plaintiff at an hourly rate of $125.00. Attached to this Application in support of the foregoing is the Affidavit of Anthony J. Drago, Jr.

9. Plaintiff expended costs in these proceedings of $250.00 for the filing fee, $45.00 for a witness fee for Karen Hayden and $36.00 for the service of process fee.

10. Plaintiff files this application within 30 days of the final judgment in this action.

Wherefore Plaintiff prays for the following relief:

(A) allowance of an attorney's fee against the Defendants for the services of Plaintiff's attorney in these proceedings;

(B) Approval of an hourly rate of $250.00 in connection with the services rendered;

(C) In the event the Court does not find a special factor warranting an hourly rate of

$250.00, approval of an hourly rate in connection with the services rendered that reflects the increase of the cost of living from March 1996 through July 2006;

    (D)    Allowance of costs of $331.00.

    (E)    Such other relief as may be just.

    Dated this 29th day of September 2006.

    Nabil Shalan, Plaintiff,

    /s/ Vard R. Johnson
    Vard R. Johnson, BBO # 660137
    Suite 210, 18 Tremont Sreet
    Boston, Massachusetts 02108
        1-617-557-1711
        1-617-557-4711
    vardinboston@verizon.net
        Plaintiff's Attorney

## CERTIFICATE OF SERVICE

    I, Vard R. Johnson, certify that I served the foregoing Application for Allowance of Attorneys Fees and Costs, along with the Affidavit of the Plaintiff, the Affidavit of Vard R. Johnson, and the Affidavit of Anthony Drago, upon Mr. Mark T. Quinlivan, Assistant United State Attorney, John Joseph Moakley U.S. Courthouse, 1 Courthouse Way, Suite 9200, Boston, Massachusetts 02210 by electronic filing, effected September 29, 2006.

    /s/ Vard R. Johnson
    Vard R. Johnson

THE UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| NABIL SHALAN,<br>    Plaintiff<br><br>V.<br><br>MICHAEL CHERTOFF, as Secretary of the Department Homeland Security; EDUARDO AGUIRRE, as Director of the U.S. Citizenship & Immigration Services; DENIS C. RIORDAN, District Director of the U.S. Citizenship & Immigration Services for Boston, Massachusetts<br>    Defendants | )<br>)<br>)<br>)<br>)   CIVIL ACTION NO.05-10980-RWZ<br>)<br>)<br>)   AFFIDAVIT OF NABIL SHALAN<br>)<br>)<br>)<br>)<br>) |
| COMMONWEALTH OF MASSACHUSETTS<br><br>COUNTY OF SUFFOLK | )<br>) SS<br>) |

Before me a Notary Public came Nabil Shalan who, after being placed on oath stated:

1. I am the Plaintiff in this action.

2. I commenced the this action on May 12, 2005.

3. At the time I commenced this action, I did not have a net worth that exceeded $2,000,000.00 and at no time during the course of this action have I had a net worth that exceeded $2,000,000.00.

4. I am the prevailing party in this action and, as such, seek attorney fees and costs from the Defendants under the Equal Access to Justice Act.

Further Affiant sayeth not.

Dated this _13_ day of September 2006.

_____
Nabil Shalan

Subscribed and sworn to before me this _13th_ day of September 2006.

_____
Notary Public


OFFICIAL SEAL
JANE M. MURPHY
NOTARY PUBLIC
COMMONWEALTH OF MASSACHUSETTS
My Comm. Expires Nov. 2, 2012


created using
BCL easyPDF
Printer Driver

THE UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| NABIL SHALAN,<br>   Plaintiff | )<br>)<br>) |
| V. | )<br>) |
|  | ) CIVIL ACTION NO.05-10980-RWZ |
| MICHAEL CHERTOFF, as Secretary of the<br>Department Homeland Security; EDUARDO<br>AGUIRRE, as Director of the U.S. Citizenship &<br>Immigration Services; DENIS C. RIORDAN,<br>District Director of the U.S. Citizenship &<br>Immigration Services for Boston, Massachusetts<br>   Defendants | )<br>)<br>) AFFIDAVIT OF VARD R. JOHNSON<br>)<br>)<br>)<br>) |

| | |
|---|---|
| COMMONWEALTH OF MASSACHUSETTS | ) |
|  | ) SS |
| COUNTY OF SUFFOLK | ) |

  Before me a Notary Public came Vard R. Johnson who, after being placed on oath stated:

  1. I am the attorney for the Plaintiff in this action.

  2. I spent the following time in representing the Plaintiff:

| Date | Description | Hours |
|---|---|---|
| 5/9/2005 | Initial conference with Nabil Shalan | 1.5 |
| 5/10/2005 | Draft Complaint, Motion to Appear Pro Hac Vice, Summons | 3.5 |
| 5/12/2005 | File Complaint and Motion to Appear Pro Hac Vice with Clerk; initiate service by mail, return receipt requested | 2.5 |
| 7/29/2005 | Prepare summons returns | 1.25 |
| 8/12/2005 | Telephone call from Assistant U.S. Attorney Michael Sady asking for extension of time to plead. No opposition. | .25 |
| 9/19/2005 | Telephone call from Assistant U.S. Attorney Michael Sady asking for extension of time to plead. Opposed. | .25 |
| 10/5/2005 | Review Motion to Dismiss; read Danilov decision; read all USCIS regulations in naturalization procedures | 3.5 |
| 10/6/2005 | Draft response to Motion to Dismiss | 2.5 |
| 10/8/2006 | Edit and rewrite response to Motion to Dismiss | 2.5 |
| 10/9/2006 | Revise response to Motion to Dismiss; file same online | 1.25 |
| 1/12/2006 | Meet client to prepare for hearing of 1/26/2006; discuss exhibits and testimony; discuss subpoena duces tecum. | 1.75 |

| Date | Description | Hours |
|---|---|---|
| 1/18/2006 | Prepare subpoena duces tecum for Karen Hayden; find process server | 1.5 |
| 1/25/2006 | Prepare for hearing; prepare exhibits | 2.0 |
| 1/26/2006 | Review client's USCIS file in office of Assistant U.S. Attorney Mark Grady; obtain copies of selected items; Present in court testimony; make final argument; discuss with client following hearing the government's oral motion to submit secret evidence | 5.5 |
| 1/27/2006 | Telephone call with Assistant U.S. Attorney Mark Quinlivan regarding government's motion for ex parte, in camera hearing | .25 |
| 2/3/2006 | Trip to Social Law Library to read cases cited by Assistant U.S. Attorney in memorandum supporting in camera ex parte proceeding; internet search for regulations and material regarding classified items.  Self-education on secret evidence | 3.0 |
| 2/4/2006 | First draft of response to government's Motion for in camera, ex parte presentation of secret evidence | 4.5 |
| 2/25/2006 | Rewrite first draft; add material regarding client's good moral character; review trial evidence to corroborate assertions in response | 3.5 |
| 2/26/2006 | Final edit of response to government's Motion for in camera, ex parte presentation of secret evidence; online filing | 2.0 |
| 3/31/2006 | Telephone call from Assistant U.S. Attorney Mark Quinlivan stating that U.S. was withdrawing Motion for in camera, ex parte presentation of secret evidence | .25 |
| 4/17/2006 | Telephone call from Assistant U.S. Attorney Mark Quinlivan stating that U.S. was filing Motion to Remand for another interview or in the alternative for the Court to receive additional Affidavit evidence | .25 |
| 4/18/2006 | Review government's Motion to Remand, Memo in Support, and Affidavit of Barbara Johnson; mail same to client | .5 |
| 4/22/2006 | Review trial evidence in anticipation of preparing response | 1.5 |
| 4/24/2006 | Telephone call from client; very discouraged; tell client the nature of our response; client satisfied | .5 |
| 4/25/2006 | Draft response to government's Motion to Remand | 5.5 |
| 4/26/2006 | Edit response; online filing | 1.0 |
| 5/9/2006 | Receive Court's decision; review same; share good news with client; discuss naturalization process | .75 |
| 5/15/2006 | Telephone call to Assistant U.S. Attorney Mark Quinlivan to see whether USCIS would permit Court to go forward right away with naturalization; telephone call to client with report | .5 |
| 5/25/2006 | Telephone call to Assistant U.S. Attorney Mark Quinlivan to see what response he had from USCIS about naturalization | .25 |
| 6/1/2006 | Telephone call to Assistant U.S. Attorney Mark Quinlivan to | |

|  |  |  |
|---|---|---|
|  | discuss status of naturalization | .25 |
| 7/6/2006 | Telephone call from Assistant U.S. Attorney Mark Quinlivan regarding lack of judgment from which appeal could be taken; review F.R.C.P. 58 and F.R.A.P.; prepare letter to Lisa Urso; online filing | 2.0 |
| 8/23/2006 | Attend naturalization ceremony | 1.0 |

Total time on litigation                                                                                                57.75

| 8/26/2006 | Review Equal Access to Justice Act and pertinent case law; telephone conference with client on merits of fee application; prepare affidavit of client's net worth; mail same to client; internet search for COLA changes since March 1996 | 3.0 |
| 8/29/2006 | Telephone call with Anthony Drago regarding prevailing market rate of U.S. District Court fees on naturalization cases | .25 |
| 9/15/2006 | Receive client's Affidavit; start memorandum | 2.5 |
| 9/23/2006 | Prepare personal affidavit; prepare application for allowance of fees and costs; prepare affidavit for Anthony Drago's consideration | 3.0 |
| 9/26/2006 | Finish memorandum to support fee application; internet search for national COLA changes since March 1996 | 4.5 |
| 9/29/2006 | Review Anthony Drago's affidavit, scan exhibits for online filing, effect online filing of fee and cost application | 2.0 |

Total time to date on fee application                                                                            15.25

3.       I graduated from Harvard Law School in 1964 and have practiced law for 42 years. I am admitted to practice law in Massachusetts and Nebraska. I am admitted to the United States District Courts of Massachusetts and Nebraska, the 7th, 8th and 9th Circuit Courts of Appeal, and the United States Supreme Court. I have carried a Martindale Hubbell rating of AV from the late 1970s through the present. I have been honored by the Student Bar Association of Creighton Law School, the Nebraska Bar Association, University of Nebraska at Omaha, the Center for Rural Affairs, and the Nebraska Appleseed Center for Law and Justice for public service in the legal profession.

4.       I have handled immigration cases since 1982. Over the years, I have represented

individuals from more than 70 countries.  I have appeared many times in deportation hearings on behalf of aliens and have substantial experience with requests for political asylum, waivers of removability and deportation, applications for cancellation of removal, including VAWA protections.  I have attended scores of naturalization or adjustment hearings.  I have appeared personally before the Board of Immigration Appeals in Falls Church, Virginia, and argued immigration cases in the Seventh and Eighth Circuits.  I am a past member of the Board of Directors of the American Immigration Lawyers Association,  have served as a Mentor to members of that organization in the area of asylum law, health care professionals, and temporary workers, was  a member of the 2001 Annual Convention Program Committee, and a contributor to the 2001 Immigration Handbook.  I was a presenter at the 2003, 2004 and 2005 Annual Conventions of the American Immigration Lawyers Association on selected immigration topics.  I wrote Nebraska's equivalent (L.B. 82, §14, 2002 Leg. Sess., codified at 29-1819.02-03, Neb. R.R.S.) to the law of Massachusetts (M.G.L. c. 278 §29D)  on alien warnings in criminal cases and lobbied the Nebraska Unicameral for its adoption.  I was the consultant to the Nebraska Department of Economic Development and the Greater Omaha Chamber of Commerce on employer related immigration issues.  I was the immigration consultant retained and used by the Mexican Consulate in Omaha with jurisdiction over Nebraska, Iowa, North and South Dakota.

   5. I moved from Omaha, Nebraska to Boston, Massachusetts in January 2005 and opened a solo law office in Boston.  Since I was new to the community and was interested in building an immigration practice, I set my hourly rates for immigration legal services at $250.00.  I understand that rate is less than prevailing market rates in Boston, Massachusetts for federal court litigation, as well as for most immigration work.

6. I am of the opinion that naturalization litigation in the United States District Court requires the services of a lawyer skilled in immigration law as the stakes to the client could well involve continued residency in the United States. The Government, when sued over the delay in determining the naturalization application, may take issue with the original grant of permanent residency or may surface an act or crime that could now result in removal. Thus, the naturalization Plaintiff not only risks loss of the litigation, he or she risks removal. In my opinion, the prudent lawyer for the potential naturalization Plaintiff thoroughly vets his or her client to determine the degree of risk the client will undertake in effecting the litigation and, if the lawyer foresees difficulties of this type, will tell the client to forego litigation. In my opinion, interviewing the client for this purpose requires a thorough understanding of immigration law. Moreover, should a problem touching on potential removal of the client or potential loss of the original admission surface during the course of the litigation, a lawyer experienced in immigration law will be able to assess the gravity of the problem and provide appropriate advice to and representation of the client.

7. The Defendants had challenged the bona fides of Nabil Shalan's marriage in the late 1990s and had initiated removal proceedings against him as part of the challenge. While he had prevailed in those proceedings, he worried that the Defendants might decide to revisit some aspect of that situation.[1] Moreover, Shalan had been visited by the FBI in 2002 or 2003. While he thought the FBI gave him a clean bill of health, the ongoing delay of his naturalization application gave him cause to wonder. Furthermore, Nabil Shalan had appeared two separate

---

[1] This in fact happened. Adjudications Officer Barbara Johnson discussed that marriage in the Declaration Defendants submitted to the Court on April 18, 2006 in support of its Motion to Conduct An Interview of Plaintiff. (Filing 20, Declaration of Barbara Johnson, ¶7).

times before USCIS (and its predecessor INS) on three naturalization applications and two times before INS on his adjustment applications. He also had given testimony in Immigration Court in connection with the removal case. He could not recall precisely what he said at the four interviews in response to questions nor could he recall the exact specifics of his testimony to the Immigration Court. Given USCIS's previous disbelief in the bona fides of Shalan's marriage and its apparent desire to remove him from the United States, the inexplicable delay in the processing of the naturalization applications, the visits and inquiries by the FBI, the apparent desire to remove him from the United States, the inexplicable delay in the processing of his naturalization applications, and the vicissitudes of memory, it is my opinion that the Plaintiff required the services of a skilled immigration lawyer in the prosecution of his cause before this Court and to give him a fair shot of prevailing.

8. In March 1996, the Consumer Price Index-All Urban Consumers for Boston-Brocton-Nashua stood at 162.8. In July 2006 it stood at 225.1. Attached to this Affidavit is the online chart of the CPI-U for that period. 225.1 ÷ 162.8 = 1.3863. 1.3863 x $125.00 = $173.29. An hourly rate of $173.29 for legal services would be warranted by reason of the increase in the cost of living in the Greater Boston area since 1996. Also attached to this Affidavit for the benefit of the Court is the online chart of the CPI-U for the United States for the same period.

9. It is my opinion that an hourly rate of $250.00 is warranted by the special factor that Plaintiff's naturalization case called for a lawyer skilled in immigration law and that such lawyers essentially were unavailable in the Boston area for an hourly rate of $125.00, $173.29, or any sum less than $250.00.

10. Nabil Shalan paid $250.00 to file this action in the United States District Court. He also paid $45.00 witness fee to Karen Hayden to accompany the subpoena duces tecum directing her to appear at the hearing on January 26, 2006, to testify and to produce the USCIS pertaining to him. He paid $36.00 for service of process. Nabil Shalan paid such sums through me.

Further Affiant sayeth not.

Dated this 29th day of September 2006.

/s/ Vard R. Johnson
_____
Vard R. Johnson

Subscribed and sworn to before me this 29th day of September 2006.

/s/ Desmond P. FitzGerald
_____
Notary Public

7

Bureau of Labor Statistics Data



# U.S. Department of Labor
## Bureau of Labor Statistics
*Bureau of Labor Statistics Data*



www.bls.gov   Search   GO | Advanced Search | A-Z Index

BLS Home | Programs & Surveys | Get Detailed Statistics | Glossary | What's New | Find It! In DOL

**Change Output Options:**  From: 1996  To: 2006    GO

☐ include graphs NEW!    More Formatting Options ➡

Data extracted on: August 26, 2006 (6:40:32 PM)

## Consumer Price Index - All Urban Consumers

```
Series Id:      CUURA103SA0
Not Seasonally Adjusted
Area:           Boston-Brockton-Nashua, MA-NH-ME-CT
Item:           All items
Base Period:    1982-84=100
```

| Year | Jan | Feb | Mar | Apr | May | Jun | Jul | Aug | Sep | Oct | Nov | Dec | Annual | HALF1 | HALF2 |
|------|-----|-----|-----|-----|-----|-----|-----|-----|-----|-----|-----|-----|--------|-------|-------|
| 1996 | 162.2 |   | 162.8 |   | 161.8 |   | 162.0 |   | 163.5 |   | 166.3 |   | 163.3 | 162.3 | 164.4 |
| 1997 | 167.7 |   | 168.1 |   | 166.7 |   | 167.1 |   | 167.8 |   | 169.4 |   | 167.9 | 167.5 | 168.4 |
| 1998 | 171.2 |   | 171.3 |   | 170.9 |   | 170.7 |   | 172.1 |   | 173.3 |   | 171.7 | 171.1 | 172.3 |
| 1999 | 174.1 |   | 174.8 |   | 174.2 |   | 175.3 |   | 176.8 |   | 179.2 |   | 176.0 | 174.5 | 177.5 |
| 2000 | 180.2 |   | 182.8 |   | 181.7 |   | 183.2 |   | 184.3 |   | 187.4 |   | 183.6 | 181.8 | 185.4 |
| 2001 | 189.0 |   | 190.9 |   | 190.9 |   | 192.1 |   | 192.7 |   | 192.7 |   | 191.5 | 190.5 | 192.6 |
| 2002 | 192.9 |   | 194.7 |   | 194.8 |   | 195.7 |   | 199.1 |   | 200.4 |   | 196.5 | 194.4 | 198.7 |
| 2003 | 199.8 |   | 202.8 |   | 202.3 |   | 203.0 |   | 206.8 |   | 206.5 |   | 203.9 | 201.9 | 205.9 |
| 2004 | 208.4 |   | 208.7 |   | 208.7 |   | 208.9 |   | 209.8 |   | 211.7 |   | 209.5 | 208.6 | 210.3 |
| 2005 | 211.3 |   | 214.2 |   | 214.6 |   | 217.2 |   | 220.1 |   | 218.6 |   | 216.4 | 213.9 | 218.9 |
| 2006 | 220.5 |   | 221.3 |   | 222.9 |   | 225.1 |   |       |   |       |   |        | 222.0 |       |

Frequently Asked Questions | Freedom of Information Act | Customer Survey
Privacy & Security Statement | Linking to Our Site | Accessibility

U.S. Bureau of Labor Statistics
Postal Square Building
2 Massachusetts Ave., NE
Washington, DC 20212-0001

Phone: (202) 691-5200
Fax-on-demand: (202) 691-6325
Data questions: blsdata_staff@bls.gov
Technical (web) questions: webmaster@bls.gov
Other comments: feedback@bls.gov

http://data.bls.gov/PDQ/servlet/SurveyOutputServlet?series_id=CUURA103SA0&data...



# U.S. Department of Labor
## Bureau of Labor Statistics
*Bureau of Labor Statistics Data*



www.bls.gov

Advanced Search | A-Z Index

BLS Home | Programs & Surveys | Get Detailed Statistics | Glossary | What's New | Find It! In DOL

**Change Output Options:**   From: 1996   To: 2006   GO

☐ include graphs NEW!   More Formatting Options ➡

Data extracted on: September 26, 2006 (9:19:52 AM)

## Consumer Price Index - All Urban Consumers

```
Series Id:      CUUR0000SA0
Not Seasonally Adjusted
Area:           U.S. city average
Item:           All items
Base Period:    1982-84=100
```

| Year | Jan | Feb | Mar | Apr | May | Jun | Jul | Aug | Sep | Oct | Nov | Dec | Annual | HA |
|------|-----|-----|-----|-----|-----|-----|-----|-----|-----|-----|-----|-----|--------|-----|
| 1996 | 154.4 | 154.9 | 155.7 | 156.3 | 156.6 | 156.7 | 157.0 | 157.3 | 157.8 | 158.3 | 158.6 | 158.6 | 156.9 | 15. |
| 1997 | 159.1 | 159.6 | 160.0 | 160.2 | 160.1 | 160.3 | 160.5 | 160.8 | 161.2 | 161.6 | 161.5 | 161.3 | 160.5 | 15 |
| 1998 | 161.6 | 161.9 | 162.2 | 162.5 | 162.8 | 163.0 | 163.2 | 163.4 | 163.6 | 164.0 | 164.0 | 163.9 | 163.0 | 16 |
| 1999 | 164.3 | 164.5 | 165.0 | 166.2 | 166.2 | 166.2 | 166.7 | 167.1 | 167.9 | 168.2 | 168.3 | 168.3 | 166.6 | 16 |
| 2000 | 168.8 | 169.8 | 171.2 | 171.3 | 171.5 | 172.4 | 172.8 | 172.8 | 173.7 | 174.0 | 174.1 | 174.0 | 172.2 | 17 |
| 2001 | 175.1 | 175.8 | 176.2 | 176.9 | 177.7 | 178.0 | 177.5 | 177.5 | 178.3 | 177.7 | 177.4 | 176.7 | 177.1 | 17 |
| 2002 | 177.1 | 177.8 | 178.8 | 179.8 | 179.8 | 179.9 | 180.1 | 180.7 | 181.0 | 181.3 | 181.3 | 180.9 | 179.9 | 17 |
| 2003 | 181.7 | 183.1 | 184.2 | 183.8 | 183.5 | 183.7 | 183.9 | 184.6 | 185.2 | 185.0 | 184.5 | 184.3 | 184.0 | 18 |
| 2004 | 185.2 | 186.2 | 187.4 | 188.0 | 189.1 | 189.7 | 189.4 | 189.5 | 189.9 | 190.9 | 191.0 | 190.3 | 188.9 | 18 |
| 2005 | 190.7 | 191.8 | 193.3 | 194.6 | 194.4 | 194.5 | 195.4 | 196.4 | 198.8 | 199.2 | 197.6 | 196.8 | 195.3 | 19 |
| 2006 | 198.3 | 198.7 | 199.8 | 201.5 | 202.5 | 202.9 | 203.5 | 203.9 | | | | | | 20 |

---

**Frequently Asked Questions | Freedom of Information Act | Customer Survey**
**Privacy & Security Statement | Linking to Our Site | Accessibility**

U.S. Bureau of Labor Statistics
Postal Square Building
2 Massachusetts Ave., NE
Washington, DC 20212-0001

Phone: (202) 691-5200
Fax-on-demand: (202) 691-6325
Data questions: **blsdata_staff@bls.gov**
Technical (web) questions: **webmaster@bls.gov**
Other comments: **feedback@bls.gov**

http://data.bls.gov/cgi-bin/surveymost



THE UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| NABIL SHALAN,<br>      Plaintiff<br>V.<br><br>MICHAEL CHERTOFF, as Secretary of the<br>Department Homeland Security; EDUARDO<br>AGUIRRE, as Director of the U.S. Citizenship &<br>Immigration Services; DENIS C. RIORDAN,<br>District Director of the U.S. Citizenship &<br>Immigration Services for Boston, Massachusetts<br>      Defendants | )<br>)<br>)<br>)<br>) CIVIL ACTION NO.05-10980-RWZ<br>)<br>)<br>) AFFIDAVIT OF Anthony Drago Jr.<br>)<br>)<br>)<br>) |

I, Anthony Drago, Jr., on oath do hereby depose and say:

1. I am an attorney licensed to practice law in Massachusetts and New York State. I was admitted to practice in the Commonwealth of Massachusetts in December, 1988 and in the State of New York in January, 1989. I am admitted to practice before the U.S. District Court for the District of Massachusetts, and the U.S. Courts of Appeals for the First, Second, Fifth and Ninth Circuits. I have practiced law in Boston, Massachusetts since 1988 and have focused my practice in the area of immigration law since March, 1996. My office is located at 35 India Street, Boston, Massachusetts.

2. I am actively involved with the New England Chapter of the American Immigration Lawyers' Association. I currently am Treasurer of the Chapter. At the request of the American Immigration Lawyers Association, I serve on its liaison committee to the Texas Service Center, one of the four regional USCIS processing offices in the United States. I also serve as a Mentor to younger attorneys in various areas of immigration law.

3. I have represented numerous immigration clients before the United States District Court in Massachusetts and in all of the Circuit Courts of Appeals to which I am admitted.

Because of my work in these courts, I frequently consult with other immigration lawyers about cases they or their clients want to pursue in the courts. During the course of conversations, I learned what other attorneys charge as their hourly rates for legal services in federal courts cases.

4. Among the cases I have filed in the United States District Court in Massachusetts are cases involving delayed decisions on applications for adjustment of status and applications for naturalization. I am of the opinion that these cases require the services of skilled immigration lawyers for many reasons. When the naturalization client goes to Court, his or her life for the five years immediately preceding the filing of the naturalization application becomes a target for the Defendants. Furthermore, the Defendants may chose to question the original application for adjustment of status, thereby effecting not only a denial of the application for naturalization but also start the process to rescind permanent residency. The nuances and subtleties of immigration laws are well-documented and all these factors must be understood and contemplated when bringing an action in the District Court. Because naturalization cases touch upon so many areas of immigration law that can be traps for the unwary, no prudent lawyer should undertake a naturalization case in federal court without being knowledgeable of immigration law or, at the very least, without hiring or consulting an immigration specialist. In my opinion, competent representation of the alien who seeks naturalization through litigation in the United States District Court requires the services of an attorney who is skilled in immigration law.

5. I personally charge my federal litigation clients $300.00 per hour for my time in connection with the litigation. My hourly fee is based upon my years of experience as an attorney and the level of expertise I have in the area of Immigration law.

6. I have reviewed the Affidavit of Vard R. Johnson wherein he sets forth the services he provided to his client Nabil Shalan, as well as his credentials and experience in

immigration matters. I also have reviewed the Plaintiff's Response to the Motion to Dismiss, the Plaintiff's Objection to the Motion To Conduct an Additional Interview, and the Plaintiff's Response to Motion for Leave to File Material Under Seal.

7. It is my opinion, based on the fees I charge and also on my knowledge of fees charged by other immigration lawyers in federal litigation, that prevailing market rates in the Greater Boston market for the kind and qualify of services furnished in the Shalan case is at least $300.00 per hour. I am also of the opinion that, as a practical matter, Plaintiff Nabil Shalan would not have been able to find an attorney in the Greater Boston market who would provide the kind and quality of services necessary for the prosecution of his case for $125.00 per hour or for $173.29 per hour, which reflects the cost of living adjustment.

Signed under the pains and penalties of perjury this 29th day of September 2006.

_____
Anthony Drago, Jr.

COMMONWEALTH OF MASSACHUSETTS   )
COUNTY OF SUFFOLK               ) SS

On this 29th day of September 2006, before me, the undersigned notary public, personally appeared Anthony Drago, Jr., proved to me through satisfactory evidence, which was his Massachusetts Driver's License, to be the person who signed the preceding document in my presence, and who affirmed to me that the contents of the document are truth and accurate to the best of her knowledge and belief.

_____
My commission expires 8/31/2012

JOHANNA SANCHEZ
Notary Public
Commonwealth of Massachusetts
My Commission Expires
August 31, 2012