UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| NABIL SHALAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 05-10980 RWZ |
| ) | |
| MICHAEL CHERTOFF, Secretary of the ) | |
| Department of Homeland Security, et al., ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S
MOTION FOR AMENDMENT TO DECISION AWARDING ATTORNEY FEES**

Mindful of the Supreme Court's admonition that "[a] request for attorney's fees should not result in a second major litigation," Hensley v. Eckerhart, 461 U.S. 424, 437 (1983), defendants Michael Chertoff, Secretary of the Department of Homeland Security, et al., hereby submit this brief opposition to plaintiff's Motion for Amendment to Decision Awarding Attorney Fees.

In plaintiff's Motion for Amendment to Decision Awarding Attorney Fees, plaintiff seeks additional fees for 8.75 hours of attorney time that arose subsequent to plaintiff's application for attorney's fees and costs. Defendants oppose plaintiff's motion because the government's defense of plaintiff's application for attorney's fees and costs pursuant to the Equal Access to Justice Act ("EAJA") was substantially justified. See 28 U.S.C. § 2412(d)(1)(A). In particular, although this Court entered an award of attorney's fees and costs in favor of the plaintiff in its Memorandum of Decision of November 14, 2006, and found that the government's pre-litigation and litigation positions with respect to plaintiff's naturalization were not substantially justified, this Court made no such finding regarding the government's opposition to the motion for attorney's fees and costs.

Nor could such a finding be made. Although this Court did not accept all of the government's contentions, those arguments were "justified in substance in the main--that is, justified to a degree that would satisfy a reasonable person." Pierce v. Underwood, 487 U.S. 552, 565 (1988). In particular, with respect to both the government's pre-litigation and litigation positions, we showed that courts are divided on several of the questions that were decided by this Court, which counsels against a finding that the government was not substantially justified. See Schock v. United States, 254 F.3d 1, 6 (1st Cir. 2001) ("When the issue is a novel one on which there is little precedent, courts have been reluctant to find the government's position was not substantially justified."); Minor v. United States, 797 F.2d 738, 739 (9th Cir. 1986) (government position substantially justified where issues presented not "subject to resolution by clear, controlling precedent"). Moreover, this Court did not accept the plaintiff's contention that the limited availability of qualified attorneys justified a fee rate above that which is provided for by statute, see Memorandum of Decision at 8-10, and the government's position on that issue therefore was plainly substantially justified. (The government did not oppose plaintiff's request that the statutory rate be increased by a cost of living adjustment). Plaintiff's Motion for Amendment to Decision Awarding Attorney Fees therefore should be denied in its entirety.

In the alternative, even if this Court were to grant plaintiff's motion in part, this Court should deduct 4 hours from the 8.75 hours requested to reflect the fact that plaintiff did not achieve success on his contention that his counsel was entitled to a fee rate above the statutory rate.

## CONCLUSION

For the foregoing reasons, plaintiff's Motion for Amendment to Decision Awarding Attorney Fees should be denied or, in the alternative, should be granted only with respect to 4.75 hours of requested fees.

                                  Respectfully submitted,

                                  MICHAEL J. SULLIVAN
                                United States Attorney

By:    /s/ Mark T. Quinlivan
        MARK T. QUINLIVAN
        Assistant U.S. Attorney
        John Joseph Moakley U.S. Courthouse
        1 Courthouse Way, Suite 9200
        Boston, MA 02210
        (617) 748-3606

Dated: December 11, 2006